**The below described is SIGNED.**

**Dated: May 04, 2006**

_____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**



_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CYNTHIA DUMAS,<br><br>Debtor. | Bankruptcy Number: 05-24912 JAB<br><br>Chapter 7 |
| R. KIMBALL MOSIER, Trustee of the Bankruptcy Estate of CYNTHIA DUMAS,<br><br>Plaintiff,<br><br>vs.<br><br>LESTER A. PERRY and HOOLE & KING, L.C.,<br><br>Defendants. | Adversary Proceeding No. 05-2662 JAB<br><br>Judge Judith A. Boulden |

### MEMORANDUM DECISION

Before the Court is Lester A. Perry's (Perry) and Hoole & King, L.C.'s (collectively "Defendants") Motion for Summary Judgment (Motion) seeking a determination of whether $5,000 on deposit in Defendants' trust account is property of the debtor's estate and as such should be relinquished to the control of the Trustee. The Defendants assert that the facts indicate

that the $5,000 belongs to Jeff Dumas, the debtor's son, but do not claim any interest in the $5,000 themselves. The Trustee has filed a Memorandum in Opposition to Defendants' Motion and a Cross-Motion for Summary Judgment asking the Court to find that the $5,000 is property of the estate. The Trustee asserts the facts indicate that the $5,000 belongs to the estate. The Court has considered the matters properly before it and the arguments presented, and has conducted an independent review of applicable law. Based thereon, the Court makes the following ruling.

## I.    JURISDICTION AND LEGAL STANDARD

This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), and the Court may enter a final order. Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party.[2] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[3] The moving party has the burden of establishing that it is entitled to summary judgment.[4]

---

[1]    FED. R. BANKR. P. 7056(c).

[2]    *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[3]    *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4]    *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

## II.  UNDISPUTED FACTS

The following facts are undisputed.  This action arises from the Chapter 7 bankruptcy petition filed by Debtor Cynthia Dumas (Dumas) on April 1, 2005.  Prior to that filing, Dumas and her mother, Dorothy Ball, contacted Perry to represent them in an ongoing state court civil lawsuit.  Due to the complexity of this civil case Perry requested a $5,000 retainer.  Shortly after January 19, 2005, Dumas was given and subsequently delivered a cashier's check in the amount of $5,000 to Perry.  All money used to procure the cashier's check was provided by Jeff Dumas.  The affidavit provided by Jeff Dumas indicates the source of the funds used to purchase the cashier's check came from his construction company.  The cashier's check was drawn on funds from US Bank and showed the remitter to be Jeff Dumas.  The check was made out "To the order of Lester A. Perry" and (according to Jeff Dumas's affidavit and the retainer agreement) was to be used as a security deposit for the representation of Dumas and Dorothy Ball in the pending state court civil case.  Jeff Dumas's affidavit further states that he expected that the money would be returned to him if it was not used for Defendants' fees and expenses incurred in the state court civil case.  Perry deposited the money into a trust account were it remains.  The Defendants claim no interest in the $5,000.

In Perry's retainer agreement dated February 4, 2005, Perry acknowledges the receipt of the $5,000 and that "...the retainer will not be drawn upon but will serve as collateral for payment of our fees."  Dumas was subsequently billed monthly and paid all legal fees from other funds.  In a letter dated June 9, 2005 written in response to the Trustee's demand to turn over the $5,000, Perry indicated that the $5,000 retainer was "to act as collateral for payment of our fees, expenses and costs."  Dumas has filed various documents with the Court in connection with her bankruptcy

case. In response to question #9 on her statement of affairs, Dumas stated that she paid Perry $5,000 in January of 2005, $6,800 in February of 2005, and $8,950 in March of 2005. Also in response to question #9, Dumas stated that she made payments to McDowell & Gillman (another firm) and specifically indicated that some of these payments were made by Jeff Dumas. Dumas also indicated in her statement of financial affairs that she has made various payments to Jeff Dumas and that she still owes him approximately $35,000. Jeff Dumas is listed as a secured creditor for this amount, and Dumas executed a $50,000 trust deed in his favor on real property in Salt Lake County.

### III.   DISCUSSION

Defendants asks the Court to find that the $5,000 retainer is not property of the estate, that the funds did not belong to Dumas prior to the bankruptcy, and that Jeff Dumas intended that the money provided to Perry pay for fees and expenses incurred in the representation of Dorothy Ball and Dumas. The Court cannot grant Defendants' request. The 11 U.S.C. § 541 definition of property of the estate is very broad and "whether an asset is estate property is determined by examining the nature of the asset on the date the bankruptcy petition was filed."[5] There are genuine issues of material fact regarding whether the $5,000 retainer is property of the estate. The parties dispute the nature of the $5,000 retainer at the time of filing. The affidavit of Jeff Dumas directly contradicts representations made in other documentary evidence and Dumas's own statement of financial affairs and schedules. In order to resolve the dispute, the Court would have to weigh these two sources of evidence – such action is improper at this stage in the litigation. Also, the Court has reviewed the *Zukoski* case cited in support of Defendants' motion

---

[5]   *In re Roth*, 289 B.R. 161, 165 (Bankr. D. Kan. 2003).

and finds that it is distinguishable from the facts of this case and is not dispositive. As a result, the Court denies Defendants' Motion.

For the same reasons the Court cannot grant the Trustee's Cross Motion for Summary Judgment. The Trustee argues that all the "credible" evidence establishes that the retainer was property of the estate. As stated before, the Court has determined that there are genuine issues of material fact surrounding this claim for relief. Furthermore, the Trustee has filed a Motion to Amend the Complaint to add Jeff Dumas as a party and to add a claim for declaratory judgment. The claim against Jeff Dumas and defenses that he may assert might impact the Court' final determination of who is entitled to the $5,000 retainer. Therefore, the Trustee's Cross Motion for Summary Judgment must be denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court denies the Defendants' Motion for Summary Judgment and the Trustee's Cross Motion for Summary Judgment. A separate order will be issued.

_____END OF DOCUMENT_____



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

R. Kimball Mosier
Parsons Kinghorn Harris
111 East Broadway
Suite 1100
Salt Lake City, UT 84111
    *Plaintiff*

Lester A. Perry
Hoole & King
4276 South Highland Drive
Salt Lake City, UT 84124
    *Defendants*

United States Trustee
#9 Exchange Place
Suite 100
Salt Lake City, UT 84111-2147